FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 1 9 2011

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

JAMES N. HATTEN, CLI
By: ⟨signature⟩

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

FRANK JOSEPH SCHWINDLER ; 323208
(Enter above the full name and prisoner
identification number of the plaintiff.)

-vs-

## 1:11-CV-1276

BRIAN OWENS; COMMISSIONER;

GEORGIA DEPARTMENT OF CORRECTIONS

(Enter above the full name of the defendant(s).)

I.  **Previous Lawsuits**

A.  Have you begun other lawsuits in state or federal court dealing with (1) the same facts involved in this action, or (2) otherwise relating to your imprisonment?

Yes ( × )       No (   )

B.  If your answer to A (1) or (2) is yes, describe each lawsuit in the space below and tell us whether the "old" case involves the same facts or other issues. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.  Parties to this previous lawsuit:

Plaintiff(s):   FRANK JOSEPH SCHWINDLER ; 323208

Defendant(s):   DWIGHT HAMRICK ; WARDEN
                HAYS STATE PRISON

2.  Court (if federal court, name the district; if state court, name the county):
CHATTOOGA COUNTY SUPERIOR COURT

3.  Docket Number:   2003-CA-27,547

①

# I. Previous Lawsuits (Cont'd)

4. Name of judge to whom case was assigned: HON. KRISTINA COOK-CONNELLY.

5. Did the previous case involve the same facts?
   Yes (X)        No ( )        IN SUBSTANTIAL PART

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?)
   DISMISSED WITHOUT PREJUDICE BY PLAINTIFF ON 12/30/04 FOLLOWING OUT OF COURT AGREEMENT BETWEEN PLAINTIFF AND HAYS STATE PRISON WARDEN STEVEN UPTON FOR PLAINTIFF TO HAVE ACCESS TO HIS LEGAL FILES, MATERIALS, AND RECORDS.

7. Approximate date of filing lawsuit: 3/25/03

8. Approximate date of disposition: 12/30/04

## C. ADDITIONAL LAWSUIT NUMBER ONE:

1. Parties to this previous lawsuit:
   Plaintiff: FRANK JOSEPH SCHWINDLER; 323208
   Defendant: DWIGHT HAMRICK; WARDEN HAYS STATE PRISON

2. Court:
   CHATTOOGA COUNTY SUPERIOR COURT;
       TRANSFERRED IN 4/05 TO:
   CALHOUN COUNTY SUPERIOR COURT (NEW DEFENDANT KEVIN ROBERTS; WARDEN: CALHOUN STATE PRISON);
       TRANSFERRED IN 7/05 TO:
   LOWNDES COUNTY SUPERIOR COURT (NEW DEFENDANT J DARRELL HART; WARDEN: VALDOSTA STATE PRISON);
       TRANSFERRED IN 12/05 TO:
   HANCOCK COUNTY SUPERIOR COURT (NEW DEFENDANT VICTOR

I. Previous Lawsuits (Cont'd)

WALKER; HARDEN; HANCOCK STATE PRISON - SUBSEQUENTLY
REPLACED BY DAVID FRAZIER)

3. Docket Number: CHATTOOGA COUNTY: 2004-CA-28,715
CALHOUN COUNTY: 05-V-059
LOWNDES COUNTY: 2005-CV-1819
HANCOCK COUNTY: 05-HC-047

4. Name of judge to whom case was assigned:
CHATTOOGA COUNTY: HON KRISTINA COOK CONNELLY
CALHOUN COUNTY: HON. A. WALLACE CATO
LOWNDES COUNTY: HON. ROY M. LILLY
HANCOCK COUNTY: HON JAMES L. CLINE, JR.

5 Did the previous case involve the same facts?
Yes (X)        No ( )        IN SUBSTANTIAL PART

6. Disposition:
THE HABEAS CORPUS CASE REMAINS PENDING BUT UNABLE TO EVER
PROCEED DUE TO THE FACTS OF THIS CASE - AS FOUND BY HON. JAMES
L. CLINE, JR. ON 11/7/07 (SEE EXHIBIT *1; TRANSCRIPT OF 11/7/07
HEARING; ATTACHED HERETO - SEE SPECIFICALLY PAGE 14, LINE 3
THROUGH PAGE 15, LINE 3.)

7. Approximate date of filing lawsuit: 3/25/04

8. Approximate date of disposition: LAST HEARING 11/7/07

D. ADDITIONAL LAWSUIT NUMBER TWO:

1. Parties to this previous lawsuit:
Plaintiff: FRANK JOSEPH SCHWINDLER, 323208
Defendant: KEVIN ROBERTS; WARDEN
CALHOUN STATE PRISON

2. Court: CALHOUN COUNTY SUPERIOR COURT

**I. Previous Lawsuits (Cont'd)**

3. Docket Number ___05-V-054___

4. Name of judge to whom case was assigned: ___HON. A. WALLACE CATO___

5. Did the previous case involve the same facts?

   Yes (×)    No ( )    IN SUBSTANTIAL PART

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
   ___RESTRAINING ORDERS ISSUED 4/20/05 AND 5/31/05; CONSOLIDATED___
   ___WITH PREVIOUS LAWSUIT NUMBER TWO, 05-V-054 IN 9/05___

7. Approximate date of filing lawsuit: ___4/20/05___

8. Approximate date of disposition: ___9/19/05___

**II. Exhaustion of Administrative Remedies**

A. Place of Present Confinement: ___WILCOX STATE PRISON___

B. Is there a prisoner grievance procedure in this institution?
   Yes (×)    No ( )

C. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes (×)    No ( )

D. If your answer is YES:

1. What steps did you take and what were the results?
   ___A. INFORMAL GRIEVANCES FILED - LAST ON 9/13/09 - DENIED 9/30/09___
   ___B. FORMAL GRIEVANCES FILED - LAST ON 9/30/09 - DENIED 10/14/09___
   ___C. FORMAL APPEALS FILED - LAST ON 10/14/09 - DENIED 1/7/10___
   ___D. ANTE LITEM NOTICE FILED 2/23/10 - RECEIVED 3/29/10 - UNANSWERED___
   ___(SEE EXHIBIT #2, ATTACHED, FOR EACH OF THE ABOVE.)___

2. If your answer is NO, explain why not: _____

**III. Parties**
(In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of Plaintiff(s): ___FRANK JOSEPH SCHWINDLER; 323208___
   ___WILCOX STATE PRISON___
   ___P.O. BOX 397___
   ___ABBEVILLE, GA 31001 - 0397___

④

## III.   Parties (Cont'd)

Address(es):  _____

_____

_____

_____

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B.   Defendant(s):   BRIAN OWENS  _____

_____

_____

Employed as   COMMISSIONER  _____

_____

at GEORGIA DEPARTMENT OF CORRECTIONS, STATE OF GEORGIA, 2 MARTIN
LUTHER KING, JR. DRIVE, S.E.; ATLANTA, GA 30334 _____

## IV.   Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

A.  PLAINTIFF STATES TWO INTER-RELATED CLAIMS. THE **FIRST CLAIM** IS THAT DEFENDANT, HIS GOVERNMENT AGENCY AND EMPLOYEES HAVE TORTIOUSLY DEPRIVED PLAINTIFF OF BETWEEN 40 AND 60 PERCENT OF PLAINTIFF'S LEGAL FILES AND MATERIALS WITHOUT DUE PROCESS, AND IN DIRECT VIOLATION OF NUMEROUS GEORGIA SUPERIOR COURT ORDERS TO PRESERVE THESE SAME LEGAL FILES AND MATERIALS, AND TO MAKE THEM AVAILABLE TO THE PLAINTIFF FOR USE IN COLLATERAL CHALLENGE TO HIS CONVICTIONS:

1. PLAINTIFF'S LEGAL FILES WERE FIRST SEIZED ON 3/17/03 BY HAYS STATE PRISON WARDEN DWIGHT HAMRICK, WHO ORDERED PLAINTIFF TO EITHER MAIL THEM TO "HIS ATTORNEY", OR HAVE THEM DESTROYED. PLAINTIFF WAS PROCEEDING PRO SE.

2. THE 3/17/03 SEIZURE PREVENTED PLAINTIFF FROM USING THE FILES AND MATERIALS TO PREPARE HIS PETITION FOR WRIT OF CERTIORARI TO THE U.S. SUPREME COURT; WHICH SUBSEQUENTLY DENIED THE INCOMPLETE PETITION AFTER TWO EXTENSIONS.

3. PLAINTIFF FILED CIVIL ACTION 2003-CA-27,547 IN CHATTOOGA COUNTY SUPERIOR COURT 3/25/03 IN AN ATTEMPT TO REGAIN HIS LEGAL FILES AND MATERIALS.

4. CASE 2003-CA-27,547 WAS DISMISSED BY PLAINTIFF'S MOTION ON 12/30/04 FOLLOWING NEW HAYS STATE PRISON WARDEN STEVE UPTON'S AGREEMENT TO PRESERVE THE LEGAL FILES AND MATERIALS, AND TO MAKE THEM AVAILABLE TO PLAINTIFF FOR USE IN HIS 3/25/04 HABEAS CORPUS PROCEEDING PENDING IN THE SAME COURT.

5. PLAINTIFF WAS TRANSFERRED TO CALHOUN STATE PRISON ON 3/15/05, AND WARDEN KEVIN ROBERTS HAD THE LEGAL FILES AND MATERIALS SEIZED WITH DIRECTIONS FOR PLAINTIFF TO DESTROY THEM OR SEND THEM HOME.  PLAINTIFF HAS NO HOME.

6. PLAINTIFF FILED CIVIL ACTION 05-CV-054 IN CALHOUN COUNTY SUPERIOR COURT ON 4/20/05 IN AN ATTEMPT TO REGAIN HIS LEGAL FILES AND MATERIALS.

7. CALHOUN COUNTY SUPERIOR COURT, HON. J. RICHARD PORTER, III, ENTERED A TEMPORARY RESTRAINING ORDER DIRECTING WARDEN ROBERTS, AND THE GEORGIA DEPARTMENT OF CORRECTIONS, TO PRESERVE PLAINTIFF'S LEGAL FILES AND MATERIALS UNTIL A HEARING COULD BE HELD.  THE ORDER WAS ENTERED 4/20/05. (EXHIBIT #2; EXHIBIT "A")

8. SPECIAL ASSISTANT ATTORNEY GENERAL MARK A. GILBERT CONCEDED THAT ALL OF THE SEIZED MATERIALS WERE APPLICABLE TO PLAINTIFF'S PENDING HABEAS CORPUS CASE, AND THAT NEITHER WARDEN ROBERTS, NOR THE GEORGIA DEPARTMENT OF CORRECTIONS HAD COMPLETED THE ADMINISTRATIVE REMEDIES (GRIEVANCE) PROCESS AS OF THE 5/20/05 HEARING.

9. ATTORNEY GILBERT MOVED FOR THE 4/20/05 RESTRAINING ORDER TO BE CONTINUED IN ORDER TO PERMIT THE PARTIES TO FIND A SOLUTION VIA THE ADMINISTRATIVE PROCESS IN OPEN COURT BEFORE CALHOUN COUNTY SUPERIOR COURT CHIEF JUDGE, HON. A. WALLACE CATO ON 5/20/05.

10. JUDGE CATO ORALLY GRANTED ATTORNEY GILBERT'S MOTION ON 5/20/05, AND REDUCED THE RESTRAINING ORDER TO WRITING ON 5/31/05. (EXHIBIT #2; EXHIBIT "B")

11. THE GEORGIA DEPARTMENT OF CORRECTIONS CONTINUED TO TRANSFER PETITIONER EVERY 5 TO 7 MONTHS, BUT SUBSEQUENT TO THE 5/31/05 RESTRAINING ORDER, THE VARIOUS PRISON WARDENS RETAINED CUSTODY OF THE LEGAL FILES AND MATERIALS WITHOUT ORDERING PLAINTIFF TO DISPOSE OF THEM.

12. NO GEORGIA DEPARTMENT OF CORRECTIONS WARDEN OR PRISON HAS ALLOWED PLAINTIFF TO HAVE USE OF HIS LEGAL FILES OR MATERIALS SINCE 3/15/05.

13. JUDGE CATO TRANSFERRED CASE 05-CV-054, AND ORDERED IT TO BE CONSOLIDATED WITH PLAINTIFF'S STILL PENDING HABEAS CORPUS CASE ON 9/16/05; THUS INCORPORATING THE RESTRAINING ORDER INTO THE HABEAS CORPUS CASE.

14. THE CONSOLIDATED HABEAS CORPUS CASE WAS ULTIMATELY TRANSFERRED TO HANCOCK COUNTY SUPERIOR COURT ON 12/15/05, WHERE IT REMAINS PENDING AS CASE 05-HC-047.

15. HANCOCK STATE PRISON WARDEN DAVID FRAZIER CAUSED AN ITEMIZED INVENTORY OF PLAINTIFF'S LEGAL FILES AND MATERIALS ON 3/24/06. PLAINTIFF WAS PRESENT THROUGHOUT THE INVENTORY; WHICH WAS CONDUCTED BY MEMBERS OF THE HANCOCK STATE PRISON CORRECTIONAL EMERGENCY RESPONSE TEAM.

16. A NOTARIZED COPY OF THE 3/24/06 INVENTORY WAS FILED AS AN EXHIBIT IN CASE 05-HC-047 ON 6/13/06. (EXHIBIT "2; EXHIBIT "C")

17. THERE WERE FOUR BOXES OF LEGAL FILES AND MATERIALS, EQUALLING ABOUT EIGHT CUBIC FEET OF MATERIALS PRESENT AT HANCOCK STATE PRISON ON 3/24/06.

18. HANCOCK STATE PRISON REFUSED TO PERMIT PLAINTIFF TO TAKE ANY OF HIS LEGAL FILES AND MATERIALS WITH HIM WHEN HE WAS TRANSFERRED TO PHILLIPS STATE PRISON ON 4/26/06.

19. PLAINTIFF DID NOT SEE ANY OF HIS LEGAL FILES OR MATERIALS UNTIL HE WAS CALLED TO SECURITY AT DOOLY STATE PRISON ON 11/22/06 TO CONDUCT AN INVENTORY BY WARDEN BRUCE CHATMAN.

20. THE 11/22/06 INVENTORY WAS TERMINATED, AND THE BOXES SEALED, WHEN PLAINTIFF NOTED THAT CERTAIN ITEMS WERE MISSING.

21. THE HANCOCK COUNTY SUPERIOR COURT, HON. JAMES L. CLINE, JR., CONDUCTED A HEARING IN HABEAS CORPUS CASE 05-HC-047 ON 12/15/06, AT WHICH IT WAS NOTED THAT PLAINTIFF HAD VIRTUALLY NONE OF HIS LEGAL FILES OR MATERIALS.

22. THE STATE OF GEORGIA, SENIOR ASSISTANT ATTORNEY GENERAL PAULA K. SMITH, SUBMITTED THOUSANDS OF PAGES OF DOCUMENTS, EQUAL TO ABOUT SIX CUBIC FEET OF MATERIALS, IN THREE BOXES AS EXHIBITS. PLAINTIFF WAS NOT SERVED WITH COPIES.

23. JUDGE CLINE SPECIFICALLY ADDRESSED THE ISSUES OF THE CONTINUAL TRANSFERS AND LACK OF ACCESS TO LEGAL FILES AND MATERIALS, AND SUGGESTED TO ATTORNEY GENERAL SMITH THAT THE TRANSFERS SHOULD STOP, THE LEGAL FILES AND MATERIALS SHOULD ALL BE FOUND AND MADE AVAILABLE TO PLAINTIFF.

24. THE SAME ROUTINE WAS REPEATED AT HEARINGS IN JANUARY AND FEBRUARY OF 2007. ATTORNEY GENERAL SMITH PROMISED TO RESOLVE BOTH ISSUES EACH TIME.

30. JUDGE CLINE HAD HIS SECRETARY COPY THE EXHIBITS SUBMITTED BY ATTORNEY GENERAL SMITH ON 12/15/06, AND FEDEX THEM TO PLAINTIFF AT DOOLY STATE PRISON.

31. DOOLY STATE PRISON INTERCEPTED THE THREE BOXES OF EXHIBITS AND FAILED TO ADVISE PLAINTIFF OF THEIR EXISTANCE. DOOLY STATE PRISON THUS HAD SEVEN BOXES, OR ABOUT FOURTEEN CUBIC FEET OF LEGAL FILES AND MATERIALS THAT WERE KEPT FROM PLAINTIFF.

32. PLAINTIFF FIRST SAW THE THREE NEW BOXES WHEN HE WAS TRANSFERRED TO AUTRY STATE PRISON ON 6/5/07, BUT WARDEN THOMAS AMMONS REFUSED TO PERMIT HIM TO SEE WHAT WAS IN ANY OF THE SEVEN BOXES.

33. PLAINTIFF WAS TRANSFERRED TO COFFEE CORRECTIONAL FACILITY ON 10/23/07 WHEN HE ATTEMPTED TO FILE A CIVIL ACTION IN THE MITCHELL COUNTY SUPERIOR COURT. ALL SEVEN BOXES OF LEGAL FILES AND MATERIALS WERE TRANSFERRED AT THE SAME TIME.

34. THE HANCOCK COUNTY SUPERIOR COURT CONDUCTED ANOTHER HABEAS CORPUS HEARING ON 11/7/07. JUDGE CLINE OBSERVED THAT PLAINTIFF HAD EVEN FEWER OF HIS LEGAL FILES AND MATERIALS THAN HE HAD POSSESSED PREVIOUSLY.

35. JUDGE CLINE WAS EXTREMELY ANNOYED TO DISCOVER THAT PLAINTIFF HAD BEEN OBSTRUCTED FROM EVEN SEEING THE THREE BOXES OF EXHIBITS HE HAD SENT. HE SPENT A CONSIDERABLE AMOUNT OF TIME SUGGESTING THAT THE DEPARTMENT OF CORRECTIONS NEEDED TO BEGIN COOPERATING WITH THE COURT BY CEASING THE TRANSFERS, AND BY MAKING PLAINTIFFS LEGAL FILES AND MATERIALS AVAILABLE TO HIM.

36. JUDGE CLINE STATED THAT HE HAD NO AUTHORITY TO ORDER THE DEPARTMENT OF CORRECTIONS TO DO ANYTHING, BUT THAT THERE WAS/IS NO WAY ANY COURT CAN EVER MOVE FORWARD ON PLAINTIFFS HABEAS CORPUS CHALLENGE, ONE GROUND OF WHICH IS THE STATES OBSTRUCTION, UNTIL THE PLAINTIFF HAS USE OF HIS LEGAL FILES AND MATERIALS, (EXHIBIT #1; PAGE 13, LINE 19 TO PAGE 17, LINE 4)

37. PLAINTIFF WAS IMMEDIATELY TRANSFERRED BACK TO COFFEE CORRECTIONAL FACILITY, WHERE WARDEN TODD THOMAS INFORMED HIM THAT THE SEVEN BOXES OF LEGAL FILES AND MATERIALS WOULD REMAIN SEALED AND IN STORAGE SINCE HE WAS NOT SUBJECT TO JUDGE CLINE'S JURISDICTION.

38. WARDEN THOMAS CAUSED EACH BOX TO BE CLEARLY LABELED AND NUMBERED SEQUENTIALLY.

39. PLAINTIFF WAS TRANSFERRED TO MEN'S STATE PRISON, ALONG WITH ALL SEVEN BOXES ON 5/19/08, FOLLOWING PLAINTIFF'S REINJURY OF HIS NECK AND PARTIAL PARALYSIS.

40. MEN'S STATE PRISON WARDEN ALEXIS E.L. CHASE REFUSED ALL OF PLAINTIFF'S REQUESTS FOR ACCESS TO THE LEGAL FILES AND MATERIALS, AND REFUSED TO ALLOW ANY ITEMIZED INVENTORY TO BE CONDUCTED.

41. WARDEN CHASE RETALIATED AGAINST PLAINTIFF FOR ASSERTING HIS RIGHTS AS A NATIVE AMERICAN IN STATE CUSTODY, AND TRANSFERRED HIM TO WHEELER CORRECTIONAL FACILITY ON 3/12/09.

42. MEN'S STATE PRISON DID NOT PERMIT PLAINTIFF TO TAKE ANY OF HIS LEGAL FILES OR MATERIALS WITH HIM ON 3/12/09.

43. MEN'S STATE PRISON SENT ONLY FOUR OF THE SEVEN BOXES OF LEGAL FILES TO WHEELER CORRECTIONAL FACILITY ON OR ABOUT 4/12/09. PLAINTIFF WAS NOT ADVISED BY WHEELER CORRECTIONAL FACILITY THAT ANY OF THE BOXES HAD ARRIVED.

44. PLAINTIFF FILED AN INFORMAL GRIEVANCE CONCERNING THE MISSING LEGAL FILES AND MATERIALS, AT WHEELER CORRECTIONAL FACILITY, AGAINST MEN'S STATE PRISON, ON 4/13/09. (EXHIBIT *2; EXHIBIT "E", PAGE 4)

45. DEPUTY WARDEN FOR SECURITY ROSIER CAUSED PLAINTIFF TO CONDUCT AN ITEMIZED INVENTORY OF THE FOUR BOXES TRANSFERRED BY MEN'S STATE PRISON, ALONG WITH WHEELER CORRECTIONAL FACILITY INVESTIGATOR SARGEANT HARMON, ON 4/20/09.

46. THE 4/20/09 INVENTORY REVEALED THAT THREE OF THE FOUR BOXES CONTAINED ONLY THE EXHIBITS WHICH HAD BEEN FILED BY ATTORNEY GENERAL SMITH IN HANCOCK COUNTY ON 12/15/06, WHILE THE FOURTH BOX CONTAINED PARTS OF LEGAL FILES AND MATERIALS FROM PLAINTIFF'S ORIGINAL FOUR BOXES. NOT ONE OF PLAINTIFF'S ORIGINAL

EXHIBITS OR AFFIDAVITS, OR ANY OF HIS CERTIFIED RECORDS AND DOCUMENTS WAS PRESENT. IN LAYMEN'S TERMS, PLAINTIFF'S LEGAL FILES AND MATERIALS HAD BEEN "CHERRY-PICKED" TO REMOVE EVERYTHING NECESSARY TO SUPPORT PLAINTIFF'S HABEAS CORPUS CHALLENGE OR SUPPORT HIS DEFENSE IN EVENT OF RETRIAL.

47. OVER $40,000 OF POTENTIALLY REPLACEABLE MATERIALS WERE REMOVED FROM PLAINTIFF'S LEGAL FILES AND MATERIALS. (EXHIBIT #2; EXHIBIT "D")

48. THERE IS NO WAY TO QUANTIFY THE VALUE OF THE IRREPLACEABLE ORIGINAL EXHIBITS AND AFFIDAVITS (OF NOW DEAD OR MISSING EYE WITNESSES) WHICH WERE REMOVED FROM PLAINTIFF'S LEGAL FILES AND MATERIALS. THE LOSS CANNOT BE LESS THAN A MILLION DOLLARS.

49. MEN'S STATE PRISON WARDEN CHASE REFUSED TO RESPOND TO PLAINTIFF'S 4/13/09 GRIEVANCE FOR OVER FIVE AND A HALF MONTHS, AND THEN FALSELY STATED THAT ALL FILES WERE SENT TO WHEELER CORRECTIONAL FACILITY.

50. WHEELER CORRECTIONAL FACILITY TRANSFERRED PLAINTIFF TO MACON STATE PRISON, A DISCIPLINARY FACILITY, ON 9/16/09, IN RETALIATION FOR PLAINTIFF'S INSISTANCE IN FILING GRIEVANCES CONCERNING HIS LEGAL FILES AND MATERIALS, AND EXERCISE OF HIS RIGHTS AS A NATIVE AMERICAN IN STATE CUSTODY.

51. PLAINTIFF FILED FORMAL GRIEVANCE 82860 AT MACON STATE PRISON AGAINST MEN'S STATE PRISON'S FAILURES CONCERNING HIS LEGAL FILES AND MATERIALS ON 9/30/09.

52. MEN'S STATE PRISON WARDEN CHASE IGNORED PLAINTIFF'S CLAIM THAT ONLY FOUR OF SEVEN BOXES WERE SENT TO WHEELER CORRECTIONAL FACILITY, AND REPLIED 10/14/09 SAYING: "INMATE'S LEGAL MATERIAL WAS SENT TO WHEELER CORRECTIONAL FACILITY VIA TRANSPORT BUT (SIC) ON 9/17/09. THERE WERE AT LEAST FOUR (4) BOXES OF LEGAL MATERIAL (SIC) WERE SENT AT THIS TIME..." (EXHIBIT #2; EXHIBIT "E", PAGE 3)

53. PLAINTIFF APPEALED WARDEN CHASE'S DENIAL ON 10/22/09, CITING THE COURT ORDERS, THE STATEMENT OF WHEELER CORRECTIONAL FACILITY INVESTIGATOR SARGEANT HARMON, THE ACTUAL INVENTORY SHEETS, AND WARDEN CHASE'S OBVIOUSLY FALSE/INCORRECT STATEMENTS. HE REQUESTED A FULL INVESTIGATION BY DEFENDANT'S OFFICE.

54. DEFENDANT DENIED PLAINTIFF'S APPEAL ON 1/7/10, VIA SHEVONDAH FIELDS, SAYING PLAINTIFF FAILED TO PROVIDE EVIDENCE IN SUPPORT OF HIS ALLEGATIONS. (EXHIBIT #2; EXHIBIT "E")

55. DEFENDANT'S GRIEVANCE APPEAL PROCESS PROHIBITS INMATES (PLAINTIFF) FROM ATTACHING SUPPORTING EVIDENCE TO ANY APPEAL, THUS A DENIAL OF APPEAL FOR FAILURE TO DO WHAT IS NOT PERMITTED IS PRIMA FACIE PROOF OF THE INADEQUATE NATURE OF THE SO-CALLED ADMINISTRATIVE REMEDIES PROCESS PROVIDED BY DEFENDANT.

56. DEFENDANT COMPLIED WITH GEORGIA LAW AS TO PROVIDING ANTE LITEM NOTICE, VIA CERTIFIED MAIL ARTICLE 7007 2680 0002 8188 6078, ADDRESSED TO THE DIRECTOR OF RISK MANAGEMENT; DEPARTMENT OF ADMINISTRATIVE SERVICES; 200 PIEDMONT AVENUE, S.E.; SUITE 1804; WEST TOWER; ATLANTA, GA 30334-9010, ON 2/23/10, WITH COPIES TO DEFENDANT AND THE ATTORNEY GENERAL OF GEORGIA. THE ANTE LITEM NOTICE WAS SIGNED FOR BY NIYOKIA PARTRIDGE ON 3/29/10. (EXHIBIT #2, PAGE 13)

57. NONE OF THE RECIPIENTS OF PLAINTIFF'S ANTE LITEM NOTICE HAS REPLIED IN ANY FASHION.

58. THE PROPER VENUE FOR A TORT ACTION FOR DEFENDANT'S SEIZURE AND LOSS OF PLAINTIFF'S LEGAL FILES AND MATERIALS WOULD NORMALLY BE THE FULTON COUNTY SUPERIOR COURT, BUT VENUE IS PROPER IN FEDERAL COURT BECAUSE THE SEIZURE AND LOSS OF THE PLAINTIFF'S LEGAL FILES WITHOUT DUE PROCESS RISES TO THE LEVEL OF A DEPRIVATION OF CONSTITUTIONALLY PROTECTED RIGHTS AS SHOWN BY PLAINTIFF'S SECOND CLAIM, BELOW.

---

B. **SECOND CLAIM**: DEFENDANT, HIS GOVERNMENT AGENCY AND EMPLOYEES HAVE CONSISTANTLY AND CONTUMACIOUSLY SOUGHT TO OBSTRUCT PLAINTIFF'S MEANINGFUL ACCESS TO THE COURTS BY DEPRIVING PLAINTIFF OF NECESSARY LEGAL FILES AND MATERIALS; REPEATEDLY TRANSFERRING PLAINTIFF BETWEEN INSTITUTIONS; REPEATEDLY RETALIATING AGAINST PLAINTIFF FOR ATTEMPTING TO ASSERT HIS LEGAL AND CIVIL RIGHTS AS A NATIVE AMERICAN AND INMATE SEEKING TO RAISE COLLATERAL CHALLENGE TO CONVICTIONS; REPEATEDLY CAUSING PLAINTIFF'S HABEAS CORPUS CASE TO BE TRANSFERRED IN SEARCH OF A VENUE FAVORABLE TO THE STATE; DIRECTLY AND INDIRECTLY IGNORING BOTH ORAL AND WRITTEN ORDERS OF STATE SUPERIOR COURTS RELATED TO PLAINTIFF'S LEGAL FILES AND MATERIALS; AND OTHERWISE SEEKING TO PREVENT PLAINTIFF FROM CONTINUING TO ATTEMPT TO VINDICATE HIS RIGHTS BY USING PLAINTIFF'S ADOPTED SON AS A PUTATIVE HOSTAGE; DENYING CONSISTANT MEDICAL CARE AS A FORM OF RETALIATION.

i. EACH FACTUAL CLAIM SET FORTH IN NUMBERED PARAGRAPHS 1 THROUGH 58 IN **FIRST CLAIM**, DIRECTLY ABOVE, IS EQUALLY APPLICABLE TO THIS **SECOND CLAIM**. THE FIRST CLAIM IS A TORT. THE SECOND CLAIM RELATES TO VIOLATION OF CONSTITUTIONAL RIGHTS.

2. PLAINTIFF HAS BEEN TRANSFERRED EVERY 5 TO 7 MONTHS SINCE HE FILED HIS PETITION FOR WRIT OF HABEAS CORPUS:

      a. 3/15/05 TO CALHOUN STATE PRISON.

      b. 7/5/05 TO VALDOSTA STATE PRISON.

      c. 12/5/05 TO HANCOCK STATE PRISON.

      d. 4/26/06 TO PHILLIPS STATE PRISON.

      e. 9/19/06 TO DOOLY STATE PRISON.

      f. 6/5/07 TO AUTRY STATE PRISON.

      g. 10/23/07 TO COFFEE CORRECTIONAL FACILITY.

      h. 5/19/08 TO MEN'S STATE PRISON.

      i. 3/12/09 TO WHEELER CORRECTIONAL FACILITY.

      j. 4/19/09 TO MACON STATE PRISON.

      K. 9/2/10 TO WILCOX STATE PRISON.

3. NOT ONE OF THE TRANSFERS BETWEEN 3/15/05 AND THE PRESENT WAS A ROUTINE TRANSFER. THE 7/5/05 AND 9/2/10 TRANSFERS WERE NOT EVEN ON REGULAR TRANSFER DAYS.

4. EACH TRANSFER WAS IN RETALIATION FOR PLAINTIFF'S ATTEMPTS TO ASSERT HIS LEGAL AND CIVIL RIGHTS.

5. PLAINTIFF WAS KEPT IN ADMINISTRATIVE SEGREGATION AT EACH PRISON BETWEEN 3/15/05 AND 10/23/07; AS SUCH, SEVERAL OF HIS NORMAL RIGHTS AND PRIVILEGES WERE RESTRICTED.

6. EACH TRANSFER FROM 5/19/08 HAS BEEN IN RETALIATION FOR BOTH PLAINTIFF'S EFFORTS RELATED TO HIS HABEAS CORPUS CHALLENGE, AND HIS INSISTANCE IN ASSERTING

HIS RIGHTS AS A NATIVE AMERICAN IN STATE CUSTODY. IT IS THE UNOFFICIAL POLICY OF THE STATE OF GEORGIA TO GIVE NO MORE THAN LIP-SERVICE TO EITHER SET OF RIGHTS.

7. PLAINTIFF IS A SENECA INDIAN WHO GREW UP ON AND NEAR THE CATTARAUGUS SENECA RESERVE IN WESTERN NEW YORK STATE.

8. THE SENECA NATION IS A PART OF THE HAUDENOSAUNEE.

9. THE HAUDENOSAUNEE HAS A TREATY WITH THE UNITED STATES OF AMERICA AS A SEPARATE AND INDEPENDENT FEDERATION.

10. THE HAUDENOSAUNEE REJECTED THE UNITED STATES GOVERNMENTS OFFER OF FULL CITIZENSHIP. INDIVIDUAL MEMBERS MAY OPT TO ACCEPT CITIZENSHIP OR NOT, AND THEY MAY OPT TO REGISTER WITH THE BUREAU OF INDIAN AFFAIRS OR NOT. MEMBERS OF THE HAUDENOSAUNEE MAY CHOOSE TO CARRY PASSPORTS ISSUED BY THE HAUDENOSAUNEE.

11. PLAINTIFFS FAMILY HAS SERVED AS OFFICERS IN THE UNITED STATES MILITARY FOR SEVERAL GENERATIONS. SUCH SERVICE REQUIRES UNITED STATES CITIZENSHIP. IT DOES NOT IN ANY WAY REQUIRE NEGATION OF THE INDIVIDUALS SENECA HERITAGE. THE GENERAL WHO SERVED AS ULYSSES S. GRANT'S AIDE-DE-CAMP AND WHO DRAFTED THE TERMS OF SURRENDER FOR ROBERT E. LEE AT APPOMATTOX WAS AN AMERICAN CITIZEN, BUT HE WAS ALSO A SENECA INDIAN, AND A HEREDITARY CHIEF... JUST LIKE PLAINTIFF.

12. PLAINTIFF SERVED AS A CAREER OFFICER IN THE UNITED STATES NAVY. HE NEVER STOPPED BEING A SENECA.

13. DEFENDANT'S EMPLOYEES AT SEVERAL STATE PRISONS HAVE REFUSED TO LET PLAINTIFF TO PARTICIPATE IN ANY NATIVE AMERICAN CULTURAL, SPIRITUAL OR GROUP ACTIVITIES; CLAIMING THAT ONLY INDIVIDUALS REGISTERED WITH THE BUREAU OF INDIAN AFFAIRS WHO ARE NOT AFFILIATED WITH ANY OTHER RELIGIOUS GROUPS MAY PARTICIPATE. NO GEORGIA PRISONS FULLY COMPLY WITH 42 USC § 2000.cc.1.

14. DEFENDANT'S EMPLOYEES AT SEVERAL STATE PRISONS HAVE INFORMED PLAINTIFF THAT THE PROTECTIONS FOR NATIVE AMERICANS FOUND IN FEDERAL LAW DO NOT APPLY TO HIM BECAUSE HE IS A ROMAN CATHOLIC AND IS NOT REGISTERED WITH THE BUREAU OF INDIAN AFFAIRS; THEY FURTHER SAY THAT MEMBERSHIP IN AMERICAN INDIAN TRIBES IS DETERMINED BY DEFENDANT'S STANDARDS, NOT THOSE OF THE INDIVIDUAL TRIBES.

15. MOST NATIVE AMERICANS ARE MEMBERS OF CHRISTIAN DENOMINATIONS AS WELL AS PARTICIPANTS IN TRADITIONAL CULTURAL AND SPIRITUAL ACTIVITIES. MEMBERS OF SEVERAL NORTHERN AND MIDWESTERN TRIBES ARE ROMAN CATHOLICS. SOME OF THE MOST WELL KNOWN AMERICAN INDIANS HAVE BEEN ROMAN CATHOLICS: BLACK ELK, RED CLOUD, RED JACKET, SITTING BULL.

16. PLAINTIFF CANNOT DEFINITIVELY ASSERT THE CAUSE OF DEFENDANTS DENIALS OF HIS RIGHTS AS A NATIVE AMERICAN. THE DENIALS COULD BE IN RETALIATION FOR ATTEMPTING TO ASSERT HIS RIGHTS AS TO MEANINGFUL ACCESS TO THE COURTS FOR CHALLENGING HIS CONVICTIONS, OR BECAUSE OF GEORGIA'S WELL DOCUMENTED AND LONG-STANDING PREJUDICES AGAINST INDIANS (TRAIL OF TEARS, ETC.), OR SIMPLE IGNORANCE AND EVIL-HEARTEDNESS.

17. PLAINTIFF FILED HIS HABEAS CORPUS PETITION IN CHATTOOGA COUNTY SUPERIOR COURT, CASE 2004-CA-28,715, ON 3/25/04. HE MOVED THE COURT TO HOLD THE HABEAS CORPUS CASE IN ABEYANCE UNTIL BOTH THE LAST OF PLAINTIFF'S DIRECT APPEALS RELATED TO HIS CONVICTIONS, AND THE CIVIL ACTION RELATED TO SEIZURE OF PLAINTIFF'S LEGAL FILES AND MATERIALS WERE RESOLVED. THE STATE'S DIRECT OBSTRUCTION OF PLAINTIFF'S LEGAL EFFORTS IS A GROUND IN HIS HABEAS CORPUS PETITION. THE PETITION WAS FILED 3/25/04 SO AS TO TOLL THE ANTI-TERRORISM EXPEDITED DEATH PENALTY ACT (AEDPA) DEADLINES.

18. THE STATE OF GEORGIA OBJECTED TO ANY DELAYS AND ATTEMPTED TO GET THE HABEAS CORPUS COURT TO CONDUCT HEARING BEFORE ANY RESOLUTION WAS MADE ON THE LEGAL FILES AND MATERIALS LAWSUIT/ISSUES.

19. THE HAYS STATE PRISON WARDEN MOOTED PLAINTIFF'S CIVIL ACTION ON THE LEGAL FILES AND MATERIALS BY AGREEING TO PERMIT ACCESS TO THE PREVIOUSLY SEIZED ITEMS. THE CHATTOOGA COUNTY SUPERIOR COURT ACCEPTED THIS RESOLUTION TO CASE 2003-CA-27,547 ON 12/30/04.

20. PLAINTIFF WAS TRANSFERRED BEFORE THE PROMISED ACCESS TO HIS LEGAL FILES AND MATERIALS COULD BE EFFECTED. AS SOON AS THE TRANSFER WAS MADE AND THE FILES AND MATERIALS RE-SEIZED, THE STATE OF GEORGIA CAUSED THE HABEAS CORPUS CASE TO BE TRANSFERRED OVER PLAINTIFF'S OBJECTIONS THAT THE STATE WAS OBSTRUCTING HIS EFFORTS AND VENUE SHOPPING FOR A COURT WHICH WOULD BE LESS SYMPATHETIC TO PLAINTIFF.

21. PLAINTIFF'S HABEAS CORPUS CASE WAS TRANSFERRED OVER HIS OBJECTIONS EVERY TIME EITHER A LOCAL WARDEN COOPERATED WITH PLAINTIFF BY PRESERVING HIS LEGAL FILES AND MATERIALS, OR THE LOCAL SUPERIOUR COURT ENTERED ORDERS THAT WERE FAVORABLE TO PLAINTIFF. (SEE FINDINGS OF HANCOCK COUNTY SUPERIOR COURT AT EXHIBIT "1; PAGE 10, LINE 1 TO PAGE 12, LINE 11.)

22. PLAINTIFFS HABEAS CORPUS CASE HAS BEEN PENDING IN FOUR DIFFERENT SUPERIOR COURTS (CHATTOOGA, CALHOUN, LOWNDES AND HANCOCK), UNDER FIVE JUDGES (HON. KRISTINA COOK-CONNELLY; HON. J. RICHARD PORTER, III; HON. A. WALLACE CATO; HON. ROY M. LILLY; AND HON. JAMES L. CLINE, JR.) SINCE 3/25/04. THAT'S OVER SEVEN YEARS WITH NO END IN SIGHT - OR EVEN POSSIBLE. (EXHIBIT "1; PAGE 14, LINES 21-25)

23. PLAINTIFF'S HABEAS CORPUS CASE HAS HAD AT LEAST FOUR DIFFERENT CASE NUMBERS (2004-CA-28,715; 05-V-059; 2005-CV-1819; AND 05-HC-047). IT IS NOT POSSIBLE FOR ANY CLERK OR JUDGE TO MAKE ANY SENSE OF THE "COMBINED RECORD."

24. PLAINTIFFS CONVICTIONS OCCURRED IN CHATHAM COUNTY, SO ANY FEDERAL HABEAS CORPUS CHALLENGE, AND ARGUABLY THIS CURRENT ACTION (SINCE IT RELATES TO DENIAL OF PLAINTIFF'S ABILITY TO EVER BRING A FEDERAL HABEAS CORPUS CHALLENGE), WOULD BE IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA.

25. PLAINTIFF'S STATE HABEAS CORPUS WAS FILED IN CHATTOOGA COUNTY SUPERIOR COURT. THAT FACT, AND THE FACT OF DEFENDANT BEING FOUND IN THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, SAYS VENUE IS IN THE NORTHERN DISTRICT. BUT, THE DISCOVERY ON 4/20/09 OF THE ACTUAL LOSS OF PLAINTIFF'S LEGAL FILES AND MATERIALS OCCURRED IN THE TERRITORY COVERED BY THE SOUTHERN DISTRICT; WHILE THE ACTUAL LOSS APPARENTLY OCCURRED IN THE MIDDLE DISTRICT, AS WELL AS THAT BEING THE PLACE THE GEORGIA SUPERIOR COURT CURRENTLY HAVING PLAINTIFF'S STATE HABEAS CORPUS IS FOUND. (BALDWIN & HANCOCK COUNTIES RESPECTIVELY.)

26. THE VENUE ISSUE IS ADDITIONALLY COMPLICATED BY PLAINTIFF CURRENTLY BEING IN A COUNTY WITHIN THE U.S. DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA, AND THE ACTUAL RE-SEIZURE OF PLAINTIFF'S LEGAL FILES AND MATERIALS AT CALHOUN STATE PRISON, WITHIN THE MIDDLE DISTRICT, AS WELL AS THE STILL OPERATIVE RESTRAINING ORDER, ENTERED BY THE CALHOUN COUNTY SUPERIOR COURT, ALL POINT TO THE MIDDLE DISTRICT AS THE PROPER LOCATION FOR THIS ACTION.

27. PLAINTIFF'S SON, ALBERT CHARLES SCHWINDLER, WAS SENTENCED TO LIFE PLUS 3 CONCURRENT 20 YEAR TERMS ON 3/25/88 IN RICHMOND COUNTY SUPERIOR COURT. THAT COURT CONDUCTED AN EVIDENTIARY HEARING ON ALBERT CHARLES SCHWINDLER'S 9/26/89 MOTION FOR OUT-OF-TIME APPEAL. THE TRIAL COURT FOUND THAT TRIAL COUNSEL HAD PERPETRATED A FRAUD ON THE COURT BY FORGING PLEA AND WAIVER OF RIGHTS FORMS, AND ORDERED COUNSEL TO PREPARE AN ORDER RELEASING ALBERT CHARLES SCHWINDLER ON TIME-SERVED AS A FIRST OFFENDER. HON. FRANKLIN PIERCE DIED BEFORE ENTERING A WRITTEN ORDER. THE OUT-OF-TIME APPEAL REMAINS OPEN, AND UNCONTROVERTED IN RICHMOND COUNTY.

28. THE GEORGIA PARDONS AND PAROLES BOARD DETERMINED THAT ALBERT CHARLES SCHWINDLER'S SENTENCE WAS EXCESSIVE ON 4/5/95. HE WAS RELEASED FROM PRISON BASED UPON SAID FINDING ON 9/29/95. HIS PAROLE WAS SCHEDULED TO BE COMMUTED IN SEPTEMBER OF 2000,

29. WHEN PLAINTIFF WAS ARRESTED ON 2/10/99, THE STATE PROSECUTOR HAD ALBERT CHARLES SCHWINDLER TO BE ARRESTED ON UNRELATED CHARGES. THAT PROSECUTOR ADMITTED IN PLAINTIFF'S CASE THAT HE WOULD CONTINUE TO LODGE CHARGES AGAINST PLAINTIFF'S SON UNTIL SOMETHING STUCK - UNLESS ALBERT CHARLES SCHWINDLER WOULD "COOPERATE" IN PROSECUTING PLAINTIFF. "COOPERATION" WAS DEFINED AS SPYING WITHIN PLAINTIFF'S DEFENSE TEAM (PROVIDING WITNESS DETAILS, STRATEGIES TO BE USED CHALLENGING SEARCHES & SEIZURES, OBTAINING INCRIMINATING STATEMENTS - EVEN IF NOT TRUTHFUL, ETC.), TESTIFYING AT TRIAL, AND OBSTRUCTING PLAINTIFF'S ABILITY TO DEFEND HIMSELF BY DIVERTING FINANCIAL RESOURCES.

30. ALBERT CHARLES SCHWINDLER WAS REQUIRED TO PLEAD GUILTY TO THREE MISDEMEANORS WHICH HE WAS KNOWN TO BE INNOCENT OF. HE WAS PROMISED THAT IF HE "COOPERATED", HIS PAROLE WOULD NOT BE REVOKED. ALBERT CHARLES SCHWINDLER TESTIFIED AS REQUIRED, BUT THE STATE THEN REARRESTED HIM ON KNOWINGLY FALSE CHARGES OF OBSTRUCTING A 911 CALL. THIS REARREST WAS INTENDED TO MAINTAIN CONTROL OVER ALBERT CHARLES SCHWINDLER DURING PLAINTIFF'S MOTION FOR NEW TRIAL PROCEEDINGS.

31. WHEN ALBERT CHARLES SCHWINDLER TESTIFIED AS TO ALL OF THE STATE'S MISCONDUCT AT PLAINTIFF'S 9/8/00 HEARING, HIS PAROLE WAS REVOKED BASED UPON THE FALSE 911 CHARGES. IN SPITE OF HAVING PROVED IN A SEPARATE LEGAL ACTION THAT THE 911 CHARGES WERE FALSE, THE STATE OF GEORGIA INSISTS THAT ALBERT CHARLES SCHWINDLER MUST REMAIN IN PRISON ON THE PREVIOUSLY DETERMINED TO BE EXCESSIVE SENTENCE. HE HAS SERVED 22 YEARS ON WHAT WAS SUPPOSED TO BE 3 TO 5 ON PROBATION.

32. PLAINTIFF HAS NUMEROUS MEDICAL PROBLEMS WHICH PREDATE HIS ENTRANCE INTO THE GEORGIA PRISON SYSTEM. CHIEF AMONG THESE ARE: (A) A HISTORY OF SKIN CANCER & PRE-CANCEROUS LESIONS; (B) VISION PROBLEMS WHICH HAVE NECESSITATED SEVERAL SURGERIES; (C) SINUS & ALLERGY PROBLEMS WHICH NECESSITATED SURGERY; (D) A BROKEN NECK WHICH HAS BEEN SURGICALLY RECONSTRUCTED; (E) A HISTORY OF BRONCHITIS & PNEUMONIA; (F) A HISTORY OF THREE HEART ATTACKS; (G) BLADDER & BOWEL OBSTRUCTIONS WHICH NECESSITATED SURGERY; (H) NEUROPATHY IN BOTH LEGS & FEET; (I) SEVERE PLANTARS FASCIITIS; (J) NUMEROUS NEURO-MUSCULAR PROBLEMS; (K) SEVERE/LIFE-THREATENING FOOD & ENVIRONMENTAL ALLERGIES.

33. THE FEDERAL COURT IN VALDOSTA, GEORGIA, FOUND PLAINTIFF TO BE 100% PERMANENTLY DISABLED IN AUGUST, 1991; ESTABLISHING 1985 AS THE DATE OF ONSET. PLAINTIFF RECEIVED 100% SOCIAL SECURITY DISABILITY PAYMENTS FROM THAT TIME UNTIL HIS INCARCERATED.

34. THE DEPARTMENT OF CORRECTIONS HAS COPIES OF ALL OF PLAINTIFFS' MEDICAL RECORDS, AND HAS RECORD OF HIS NEED FOR CERTAIN MEDICAL "PROFILES": (A) BOTTOM BUNK; (B) LOWER RANGE HOUSING; (C) DOUBLE MATTRESS; (D) EGGCRATE MATTRESS COVER; (E) FOAM PILLOW WEDGE; (F) EXTRA BLANKET; (G) CERVICAL COLLAR; (H) SOFT SHOES; (I) NO LIFTING OVER 20 POUNDS; (J) HANDCUFF IN FRONT ONLY; (K) LARGE BODY PENS/PENCILS; (L) LOW FAT/LOW CHOLESTERAL DIET; (M) SLOW EATING; (N) NO FISH; (O) NO EGGS; (P) BRAN CEREAL/DIET SNACKS; (Q) TED HOSE; (R) HAT FOR SUN; (S) THERMAL UNDERWEAR; (T) NO DUST/CHEMICALS; (U) MEDICALLY UNASSIGNED; (V) NO PROLONGED STANDING; (W) SHORT WALK; (X) GEL-SOLE INSERTS; (Y) CHAIR.

35. IN SPITE OF THE DOCUMENTED MEDICAL NEEDS, AND ORDERS FROM BOTH CONTRACT AND CONSULTING SPECIALISTS, EACH AND EVERY TIME PLAINTIFF HAS MADE ANY COMPLAINT OR GRIEVANCE ABOUT OBSTRUCTION OF HIS LEGAL WORK, PRISON STAFF HAVE RETALIATED BY CANCELLING PROFILES OR WITHHOLDING MEDICAL TREATMENT. EACH RETALIATORY TRANSFER HAS INCLUDED THE SAME DENIAL OF PROPER CARE.

36. THE RESPONDENT/HIS OFFICE STAFF HAS DENIED EACH GRIEVANCE APPEAL RAISED BY PLAINTIFF CONCERNING HIS MEDICAL ISSUES/PROFILES.

37. PLAINTIFF IS CURRENTLY BEING DENIED SHOES, GEL-SOLES, DOUBLE-MATTRESS, LARGE BODY PENS/PENCILS, HANDCUFF IN FRONT, ALL ALLERGY CARE, AND HAS BEEN CHARGED FOR HAVING CHEST PAINS & NEEDING EYEGLASSES. RESPONDENT HAS IGNORED PLAINTIFFS' APPEAL.

**IV.    Statement of Claim (Cont'd)**

38. PLAINTIFF'S DIRECT APPEAL WAS DIVIDED INTO 3 PARTS DUE TO INCOMPLETE RECORDS BEING CERTIFIED DURING THE FIRST 2 SUCH APPEALS. THE PRIMARY DIRECT APPEAL (563 S.E.2d 154) WHICH RECORD OMITTED MOST REPRESENTATION ISSUES, WAS DENIED BY THE U.S. SUPREME COURT ON 5/5/03. (123 S.CT. 1935) PLAINTIFF'S SECOND DIRECT APPEAL, BASED ON THE PREVIOUSLY MISSING REPRESENTATION EVIDENCE (581 S.E.2d 619) WAS DENIED BY THE U.S. SUPREME COURT ON 3/1/04. (124 S.CT. 1520) THE THIRD PART OF PLAINTIFF'S DIRECT APPEAL WAS RESOLVED BY THE GEORGIA COURT OF APPEALS ON 6/4/04 – UPHOLDING THE TRIAL COURT'S ORDER FOR THE STATE TO PRESERVE ALL EVIDENCE UNTIL COMPLETION OF ALL HABEAS CORPUS PROCEEDINGS, AND FINDING THAT AN APPELLANT'S CONVICTION IS NOT FINAL UNTIL ALL PETITIONS FOR REVIEW OF DIRECT APPEALS HAVE BEEN CONCLUDED. (A04A 0059 UNREPORTED OPINION) 6/4/04 SHOULD THEREFORE BE THE EFFECTIVE END DATE OF PLAINTIFF'S DIRECT APPEALS.

39. HANCOCK COUNTY SUPERIOR COURT HABEAS CORPUS JUDGE CLINE'S FINDINGS ON 11/7/07 THAT NO COURT CAN EVER PROCEED WITH A FULL, FAIR OR OBJECTIVE REVIEW OF PLAINTIFF'S HABEAS CORPUS CHALLENGE STATES A CLEAR AND UNEQUIVOCAL FINDING THAT DEFENDANT, HIS EMPLOYEES AND AGENCY, HAVE PERMANENTLY OBSTRUCTED PLAINTIFF'S MEANINGFUL ACCESS TO THE COURTS IN AN EFFORT TO FORECLOSE PLAINTIFF'S ABILITY TO SUCCESSFULLY CHALLENGE HIS CONVICTIONS.

**V.    Relief**

State briefly exactly what you want the Court to do for you.  **Make no legal arguments. Cite no cases or statutes.**

1. INJUNCTION PREVENTING ANY TRANSFERS OF PLAINTIFF TO ANY OTHER PRISON EXCEPT WHEELER CORRECTIONAL FACILITY (ONLY PRISON THAT HAS NOT TRIED TO OBSTRUCT ACCESS TO COURTS, ETC.); DIRECTING ALL GEORGIA PRISONS – INCLUDING PRIVATE ONES – TO MAKE PLAINTIFF'S LEGAL FILES & MATERIALS REGULARLY AVAILABLE, AND TO ESTABLISH NATIVE AMERICAN GROUPS – FULLY COMPLIANT WITH FEDERAL LAW – IN ALL INSTITUTIONS; PREVENTING FURTHER DISRUPTION, SEIZURE OR DESTRUCTION OF PLAINTIFF'S LEGAL FILES & MATERIALS  OR HIS NATIVE AMERICAN SPIRITUAL ITEMS [BOOKS, TAPES, MEDICINE BUNDLE, FEATHERS, ETC.) – INCLUDING "BY ACCIDENT" DURING SHAKEDOWNS.

2. DECLARATORY JUDGEMENT FINDING DIRECT AND DELIBERATE OBSTRUCTION OF PLAINTIFF'S HABEAS CORPUS CASE & OTHER LEGAL ACTIONS (SUCH AS AN ADMIRALTY JUDGEMENT IN PLAINTIFF'S & HIS SON'S FAVOR FOR $274,400 PLUS SUBSTANTIAL INTEREST, ENTERED 10/26/04 BY THE U.S. DISTRICT FOR SOUTH CAROLINA – THAT HAS BEEN OBSTRUCTED FROM EXECUTION IN GEORGIA... BECAUSE THE ADMIRALTY FINDINGS CALL PLAINTIFF'S CONVICTIONS INTO QUESTION). AWARDING PLAINTIFF $2,431,000 IN DIRECT DAMAGES, PLUS SUCH PUNITIVE DAMAGES AS ARE JUST. (UNLESS DEFENDANT RETURNS ALL OF PLAINTIFF'S ORIGINAL LEGAL FILES & MATERIALS.)

## V. Relief (Cont'd)

3. ORDER THAT ALL OF PLAINTIFF'S OUTSTANDING LEGAL CASES BE TRANSFERRED TO THE JURISDICTION WHERE PLAINTIFF IS PHYSICALLY LOCATED - AND THAT COUNSEL BE APPOINTED TO REPRESENT PLAINTIFF IN EACH CASE DUE TO THE YEARS OF OBSTRUCTION.

4. ORDER THE STATE OF GEORGIA TO CEASE USING PLAINTIFF'S SON AS A "HOSTAGE"/BARGAINING CHIP - AND TO SHOW CAUSE WHY THE STATE'S OWN FINDING THAT ALBERT CHARLES SCHWINDLER'S SENTENCE WAS EXCESSIVE IN 1995 SHOULDN'T BE ACTED ON IN 2011 ... 16 YEARS LATER.

5. SUCH OTHER RELIEF AS IS WARRANTED; INCLUDING CESSATION OF ALL RETALIATION; INCLUDING MAKING ALL MEDICAL PROFILES PERMANENT.

Signed this _12th_ day of _APRIL_ , 20 _11_.

_Frank J. Schwindler_
Signature of Plaintiff

STATE OF _GEORGIA_
COUNTY (CITY) OF _WILCOX_

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON _4/12/11_
(Date)

_Frank J. Schwindler_
Signature of Plaintiff

SWORN TO AND SUBSCRIBED BEFORE ME THIS _12_ DAY OF _April_ 2011.

_Coy Full Willis_
NOTARY PUBLIC

(19)